```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF KENTUCKY
                     CENTRAL DIVISION at LEXINGTON


OPTIONS HOME HEALTH OF       )
NORTH FLORIDA, INC.,         )
BRIAN VIRGO, and             )
JOSH GOODE,                  )
                             )
     Plaintiffs,             )   Action No. 5:11-cv-166-JMH
                             )
v.                           )
                             )
NURSES REGISTRY AND          )   MEMORANDUM OPINION & ORDER
HOME HEALTH CORPORATION,     )
                             )
     Defendant.              )
```

                    **     **     **     **     **

This matter is before the Court on Plaintiffs' Motion in limine [DE 93] to exclude Craig Carter, an attorney and accountant, from testifying as an expert witness at trial. Defendant Nurses Registry and Home Health Corporation has responded [DE 95] and a reply [DE 97][1] was filed by Plaintiffs. This matter is now ripe for review.

Plaintiffs argue that Craig Carter, a fact witness who acted as counsel for Nurses Registry, should not be eligible to testify as an expert in this matter due to his

---

[1] The Court notes that the only differences between the Memorandum in support of the Motion [DE 93-1] and the Reply [DE 97] filed in the record in this matter were the title and the date contained in the certificate of service.

1

failure to produce a report in compliance with Fed. R. Civ. P. 26 (a)(2)(B). Defendant asserts that it was not clear that a report was necessary because Mr. Carter's role is similar to that of expert whose opinion is based on upon their involvement in the underlying facts of the case, thus he is not a retained or specially employed expert as referenced in Fed. R. Civ. P. 26 (a)(2)(B). In the alternative, Defendant argues that the failure to provide a report was understandable and Plaintiffs have not been harmed by its absence in this instance. This Court remains unpersuaded by Defendant's argument.

First, Mr. Carter's role is less ambiguous than Defendant believes. Mr. Carter was retained as counsel "to try to resuscitate the asset purchase transaction" after the transfer of the Medicare license from Options to Nurses Registry was denied. [DE 95 at 1]. Nurses Registry's position is that Mr. Carter is entitled to provide an expert opinion "concerning the efforts the parties made toward consummating the transaction" based upon his firsthand knowledge of those events. [DE 95 at 2]. This is, Nurses Registry argues, similar to a treating physician who is entitled to provide opinions on causation and prognosis without providing a report under Fed. R. Civ. P. (a)(2). However, the basis for the treating physician's

2

exception is "the obvious fact that doctors may need to determine the cause of an injury in order to treat it." *Fielden v. CSX Transp., Inc.*, 482 F.3d 866 at 870 (6th Cir. 2007). In other words, developing an opinion on causation and prognosis is a part of the treating physician's role irrespective of any later request to offer an expert opinion – that analysis was already completed during the physician's treatment. However, where the purview of the treating physician's opinion exceeds the scope of the original diagnosis and treatment, an expert report is required before those opinions may be provided as evidence. *Fielden*, 482 F.3d at 870-71.

According to Defendant's disclosure, Mr. Carter is expected to testify about the reasonableness of Defendant's actions with respect to the transfer of the Medicare License and that "in the industry the transfer of the medical provider number is an asset of value to any transfer from one health care provider to another." [DE 74 at 1]. Based on this Court's review of his deposition transcript, it appears that Mr. Carter was also asked to provide an opinion on the "value of the home health agency as a Medicare certified agency and the value if a Medicare provider number is not part of that agency." [DE 97-1 at 99]. Such opinions were not part and parcel of his

3

original representation of the defendant. Thus, even assuming that the rationale for the treating physician's exception could apply to Mr. Carter, his expert opinions in this instance do not fit within its boundaries. His status as a retained expert is quite clear.

Mr. Carter was specifically retained to provide expert testimony sometime in 2012 — after litigation began and long after his role in the underlying matter had concluded. [DE 97-1 at 99]. His opinion was based on certain documents and electronic communication provided by Defendant [DE 74]. Such information was, presumably, not available to him during his involvement in the underlying matter. In short, Mr. Carter was specifically retained in this instance to expert testimony, the scope of which are outside of his initial involvement in the case and he, therefore, was required to provide a report as outlined in Fed. R. Civ. P. 26 (a)(2).

The failure to make this disclosure operates as an automatic bar to the expert testimony offered by Mr. Carter. *Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003); Fed. R. Civ. P. 37. Such exclusion is "mandatory unless there is a reasonable explanation of why Rule 26 was not complied with or the mistake was harmless." *Bessemer v. Lake Erie R.R.*

4

*v. Seaway Martine Transp.*, 596 F.3d 357, 370 (6th Cir. 2010)(internal quotation marks omitted). Defendant has not met its burden to demonstrate that Mr. Carter's failure to produce a report and timely, effective disclosure was harmless. *Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003) (citations omitted). Notice of Carter's retention as an expert was provided at a deposition, and his status was only disclosed as a result of a direct question by opposing counsel. Carter was officially identified as an expert five (5) days later. [DE 74]. Plaintiffs did not have notice of Carter's opinions and the basis therefore while preparing for Mr. Carter's deposition and, even while preparing for trial, Plaintiffs still do not have the benefit of a complete expert report.

Accordingly, and for the foregoing reasons, **IT IS ORDERED** that Plaintiffs' Motion in limine [DE 93] to exclude Craig Carter, an attorney and accountant, from testifying as an expert witness at trial is **GRANTED**.

This the 20th day of May, 2013.



Signed By:
Joseph M. Hood
Senior U.S. District Judge

5